FRANK C. VERBECK, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Verbeck v. Commissioner
Docket No. 17144-94
United States Tax Court
T.C. Memo 1995-14; 1995 Tax Ct. Memo LEXIS 14; 69 T.C.M. (CCH) 1653; January 17, 1995, Filed *14 An appropriate order and decision will be entered for the respondent. Frank C. Verbeck, Jr., pro se. For the respondent: Mark A. Weiner. DAWSON, NAMEROFF
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss For Failure to State a Claim. The Court, sua sponte, also considers whether to impose a penalty under section 6673. Respondent determined deficiencies in petitioner's 1986 and 1987 Federal income taxes in the respective amounts of $ 13,429 and $ 10,696, plus additions to tax under section 6651(a) *15 in the respective amounts of $ 3,357 and $ 2,674, under section 6653(a)(1)(A) in the respective amounts of $ 671 and $ 535, and under section 6653(a)(1)(B) in the amount of 50 percent of the interest payable on the entire underpayment for each year. The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file Federal income tax returns and report his income for the subject years. The gist of petitioner's allegations in his petition is that: (1) "The Commissioner and/or his delegate has erroneously and arbitrarily concluded that Frank C. Verbeck, Jr. is a citizen of the United States" and "liable for the taxes levied by the United States Congress"; (2) the "Commissioner arbitrarily and erroneously determined that petitioner received income"; and (3) that the United States Tax Court lacks the authority to render a decision in this case because it is not an Article III Court under the Constitution, and, therefore, without jurisdiction. Petitioner makes further allegations in the petition, which are common in tax protester petitions, regarding the method in which he was selected for audit, as well as the audit techniques *16 utilized by respondent. Subsequent to the filing of respondent's motion, the Court noted that it reviewed the petition herein and agreed with respondent that the allegations therein are tax protester allegations which have been repeatedly rejected by this and other courts. However, petitioner was authorized to file an objection to respondent's motion or, alternatively, an amended petition to set forth adequate assignments of errors and statements of facts in response to the merits of respondent's determinations. Petitioner then filed an objection, in which petitioner merely asserted further tax protester arguments (i.e., he is not a citizen of the United States, he did not engage in a taxable activity, etc.). In these circumstances, no useful purpose would be served by affording the parties a hearing in this matter. In her motion to dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases the assignments of error, in violation *17 of Rule 34(b)(5). A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See ; , affd. without published opinion . Petitioner makes tax protester arguments that have been heard by this Court on many occasions and rejected. See, e.g., , affd. ; We see no reason to again refute these arguments with somber reasoning and copious citation of precedent. . The short answer to petitioner's arguments is that petitioner is not exempt from Federal income tax. See . Furthermore, this Court generally (as in the instant case) will not look behind a deficiency notice to examine evidence used or the propriety *18 of the Commissioner's motives, or the administrative policy or procedures involved in making her determinations. ; ; . Petitioner has failed to raise any issue with regard to the amount of his income or deductions, or the correct amount of his tax liability, including the additions to tax. Accordingly, he has not raised any justiciable issues, and respondent's motion to dismiss will be granted. Section 6673 authorizes this Court to impose a penalty in favor of the United States in an amount not to exceed $ 25,000 whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay. Petitioner's actions are clearly frivolous. Accordingly, we will require petitioner to pay to the United States a penalty of $ 5,000 pursuant to section 6673. An appropriate order and decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩